# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30732
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2016

Lyle W. Cayce
Clerk

CHANSE CEASAR,

Plaintiff - Appellant

v.

CITY OF EUNICE,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:14-CV-2392

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

On July 15, 2013, the Eunice Police Department received a report of a domestic disturbance involving Appellant Chanse Ceasar and his girlfriend. While en route to the disturbance, officers were advised that Ceasar was attempting to fight with his girlfriend and had struck one of her family members. Several officers made contact with Ceasar near the apartment that he shared with his girlfriend, but he ignored their commands and ran away. The officers searched for Ceasar and eventually located him back at his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30732

apartment.  When Ceasar refused to open the door, they broke it down and arrested him.  Ceaser was then booked at the Eunice Police Department.

In July 2014, Ceasar filed suit against the City of Eunice in Louisiana state court.  He alleged several violations of state and federal law arising out of his July 15, 2013 arrest.  Appellee removed to federal court and filed a motion for summary judgment.  The district court granted this motion following a short hearing.  Ceasar now appeals the district court's judgment. Though we construe Ceasar's pro se brief liberally, he has abandoned many of the claims that he pressed before the district court by failing to brief them.[1]  At best, his opening brief discusses only four claims: (1) a Fourth Amendment claim; (2) a false arrest claim; (3) an excessive force claim; and (4) a *Brady* claim.  Having independently reviewed the record, we agree with the district court that all four are meritless.

Ceasar's first claim is that the police violated his rights under the Fourth Amendment by entering his apartment without a warrant.  Though Ceasar is correct that the police typically need a warrant to enter a dwelling, the Supreme Court has established several exceptions to this general rule.  One of these exceptions allows "law enforcement officers [to] enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury."[2]  In this case, the officers had received a credible report of domestic violence and were entitled to enter Ceasar's apartment to protect his girlfriend—who was eight months pregnant—from

---

[1] *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  We also note that many of his remaining claims are properly alleged against the individual officers involved in his arrest, not the City of Eunice—which is the only defendant in this suit.  Because any pleading error is immaterial to the result, we assume that Ceasar's claims are properly alleged.

[2] *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006).

No. 15-30732

potential harm.[3]  Once inside the apartment, the officers had probable cause to arrest Ceasar based upon this same credible report of domestic violence. Whether alleged under federal or Louisiana state law, probable cause defeats a claim of false arrest.[4]

Ceasar next argues that the police used excessive force both during his arrest and his booking at the police station.  In particular, he contends that the police unnecessarily tased him a number of times.  Ceasar, however, does not dispute the officers' allegations that he actively resisted throughout the course of his arrest and booking.  We agree with Appellee that the officers' actions were an appropriate response to Ceasar's "escalating verbal and physical resistance."[5]  At the very least, Ceasar has not shown that the officers' actions violated clearly established law.

Ceasar's final claim is that Appellee violated *Brady v. Maryland*[6] by withholding his girlfriend's deposition testimony.  Putting aside that *Brady* does not apply in civil proceedings, the record reflects that the district court was presented with, and considered, this deposition testimony prior to entering final judgment.

The judgment of the district court is AFFIRMED.

---

[3] *See, e.g.*, *United States v. Martinez*, 406 F.3d 1160, 1164-65 (9th Cir. 2005); *Tierney v. Davidson*, 133 F.3d 189, 197 (2d Cir. 1998) ("Courts have recognized the combustible nature of domestic disputes, and have accorded great latitude to an officer's belief that warrantless entry was justified by exigent circumstances when the officer had substantial reason to believe that one of the parties to the dispute was in danger.").

[4] *See Deville v. Marcantel*, 567 F.3d 156, 164, 172 (5th Cir. 2009) (per curiam).

[5] *See Poole v. City of Shreveport*, 691 F.3d 624, 629 (5th Cir. 2012).

[6] 373 U.S. 83 (1963).